# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | JAMES B. ZAGEL | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 2244 | **DATE** | AUG 1 5 2001 |
| **CASE TITLE** | Hasaan Echols, #N-98853 vs. Sgt. N. Skipper, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons set forth in the accompanying Memorandum Opinion and Order, the defendants' motion for summary judgment is granted. At the close of the case, the clerk is directed to enter judgment in favor of the defendants Heerdt, Urquhart, Cooper, Strouse, and Gotay and against the plaintiff pursuant to Fed. R. Civ. P. 56. The clerk is directed to terminate those officers as defendants on the court's docket. On the court's own motion, summary judgment is also granted in favor of the defendants Skipper and Kolliopulos on the plaintiff's medical claim. The plaintiff may proceed only against the defendants Skipper and Kolliopulos, and only on his claims that the defendants detained and arrested him without probable cause and used unreasonable force during the course of arresting him.
(11) ■ [See attached Memorandum Opinion and Order.]

No notices required, advised in open court.
No notices required. | number of notices
Notices mailed by judge's staff.
Notified counsel by telephone. | AUG 1 7 2001 date docketed
✓ Docketing to mail notices.
Mail AO 450 form. | FILED FOR DOCKETING | docketing deputy initials
Copy to judge/magistrate judge. | 01 AUG 16 AM 9:51

mjm | courtroom deputy's initials

Date/time received in central Clerk's Office | mailing deputy initials

Document Number 39

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HASAAN ECHOLS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 00 C 2244 |
| v. ) | |
| ) | U.S. District Judge |
| SGT. N. SKIPPER, et al., ) | James B. Zagel |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

The plaintiff, a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, seven Chicago police officers, violated the plaintiff's constitutional rights by stopping him for no apparent reason, macing and beating him, "dragging" him into a police car and transporting him to jail, and then denying him access to needed medical care for his injuries for two or three hours. This matter is before the court for consideration of certain defendants' motion for summary judgment. For the reasons stated in this order, the motion is granted.

The standards that govern this motion are familiar: Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Mayoral v. Sheahan*, 254 F.3d 934, 938 (7th Cir. 2001). In determining whether factual issues exist, the court must draw all reasonable inferences in the light most favorable to the non-moving party. *Mayoral*, 254 F.3d at 938;

*Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001). However, Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Chiaramonte v. Fashion Bed Group, Inc.*, 129 F.3d 391, 393 (7th Cir. 1997), *cert. denied*, 523 U.S. 1118 (1998). If the moving party meets its burden, the responding party must then "come forward with facts 'sufficient to establish the existence of an element essential to the party's case, and on which the party will bear the burden of proof at trial.'" *Celotex*, 477 U.S. at 322; *Langston v. Peters*, 100 F.3d 1235, 1237 (7th Cir. 1996) *quoting Celotex*, 477 U.S. at 322.

## FACTS

The plaintiff is currently a state prisoner, confined at the Pinckneyville Correctional Center. (Complaint, p. 2.) The defendants, Edward Heerdt, Matthew Urquhart, James Cooper, Dianne Strouse, and Angel Gotay, are police officers for the City of Chicago. (Defendants' Affidavits, Exhibits B-G, ¶ 1.)[1]

Viewed in the light most favorable to the plaintiff, the record presents the following facts: On October 25, 1998, the plaintiff was arrested for burglarizing a liquor store. (Complaint, p. 6.)

---

[1] The defendants Neil Skipper and Demetrios Kolliopulos have not joined in the motion for summary judgment.

On December 3, 1998, the plaintiff filed a complaint with the Office of Professional Standards. (Defendants' Exhibit I.) In his statement, the plaintiff complained that two, unnamed police officers "jumped" him and beat him. (*Id.*)

At his criminal trial, the plaintiff testified under oath that two officers, Kolliopulos and another, then-unnamed officer (possibly Skipper), told him to "freeze," then hit him in the head with a pistol, tackled him to the ground, handcuffed him, grabbed his hair, and maced him. (Defendants' Exhibit J, criminal transcript for January 20, 2000, in *People of the State of Illinois v. Hasaan Echols*, Case No. 98 CR 29843 [Cook County Circuit Court], at pp. 46-51). The plaintiff later testified at his deposition in this case that only Officers Skipper and Kolliopulos physically abused him. (Defendants' Exhibit K, deposition of Hasaan Echols, pp. 55-56.) The plaintiff had already been subdued and was being led to the squad car by the time back-up officers arrived on the scene. (Plaintiff's Group Exhibit 6, Witness Reports to Commanding Officer Boggs.) The plaintiff saw most of the other officers named as defendants in this case for the first time after his arrest and after he was inside the police station. (*Id.*, p. 55.) The plaintiff has named Officers Gotay, Heerdt, Cooper, Urquhart, and Strouse because their names appeared in an arrest report. (*Id.*)

There is no dispute that the defendants Kolliopulos and Skipper scuffled with the plaintiff, who, they claim, "violently resisted arrest."[2] (Defendants' Exhibit B, Affidavit of Neil

---

[2] The court will not, in the context of this motion for summary judgment, decide either whether the plaintiff resisted arrest or whether Officers Skipper and Kolliopulos used unreasonable force when they arrested him. The court nevertheless notes that the trial judge in the plaintiff's criminal case rejected the plaintiff's account of the circumstances surrounding his
(continued...)

Skipper, ¶¶ 4 and 5; Exhibit C, Affidavit of Demetrios Kolliopulos, ¶¶ 3-7). The defendant Gotay's only physical contact with the plaintiff was to restrain him so that the other officers could handcuff him. (Defendants' Exhibit I, ¶ 5; *see also* Skipper and Kolliopulos affidavits, ¶ 5.) None of the other officers had any physical contact with the plaintiff. (See all Affidavits, ¶ 7.)

The plaintiff's arrest occurred at approximately 2:50 a.m. (Defendants' Exhibit L, Arrest Report.) The plaintiff was escorted "on his own two feet" to the waiting police wagon. (Plaintiff's Exhibit 6, Memorandum from Police Officer Cooper to Commander Boggs, dated February 17, 1999; *see also* accompanying witness report by Officer Strouse.) The plaintiff was then transported to Chicago's 24th District police station, arriving there at approximately 3 a.m. (*Id.*)

At the police station, after the plaintiff was processed, a sergeant asked him if he wanted to go to the hospital for treatment. (Defendants' Exhibit M, plaintiff's statement to the Office of Professional Standards at p. 3.) The plaintiff said that he did and two officers (non-defendants) accordingly escorted him to the hospital. (*Id.*)

---

[2](...continued)
arrest. See Defendants' Exhibit J, trial transcript at p. 54: "Beyond that, I found there to be lack of credibility to his version of the events, specifically insofar as testimony was that he was walking west of Sheridan on Rogers and when asked to come out of the car, he complied with the order of the police officer, and despite the fact by his testimony he was fully complying [with] what the police officer said, police officer for no apparent reason in his version swung on him and hit him and then maced him. I don't believe it is reasonable [or] believable that the officer would have swung on him when he was complying."

The plaintiff arrived at the Edgewater Medical Center at approximately 4:45 a.m. (Defendants' Exhibit N, Edgewater Medical Center Emergency Services Record.) The plaintiff was treated for bruises to his right rib and a two-centimeter laceration of his right ankle. (*Id.*; *see also* Defendants' Exhibit O, Emergency Services Progress Notes.) One of the treating physicians additionally noted that the plaintiff's right cheek was scraped. (Defendants' Exhibit P, Emergency Services Physician Notes.)

The plaintiff was alert, oriented and "neurologically intact" during his examination and treatment. (*Id.*) He was able to move all extremities. (*Id.*) X-rays of the plaintiff's right ribs were normal, exhibiting no evidence of recent trauma. (Defendants' Exhibit Q, Medical Imaging Report.) After receiving treatment, the plaintiff was returned to the police station and thereafter taken to the Cook County Jail. (Defendants' Exhibit M.)

## DISCUSSION

There is no genuine dispute as to any material fact, and the court finds that the movants are entitled to judgment as a matter of law. The movants had little or no involvement in the plaintiff's arrest and it is uncontested that they never touched the plaintiff. The plaintiff's claim that the defendants denied him needed medical care is likewise without merit since the plaintiff sustained no serious injury during the arrest and since he was taken to the hospital within a reasonable time frame.

At the outset, it should be noted that both the defendants and the court advised the plaintiff that the defendants' uncontested statement of facts would be deemed admitted if the plaintiff did not provide evidence controverting those factual assertions supported by the record.

*See* Minute Order of May 3, 2001; *see also* Defendants' Notice to Pro Se Litigant Opposing Motion for Summary Judgment. Nevertheless, the plaintiff has failed to submit a statement of contested facts, as required by Local Rule 56.1. The court therefore finds that there is no genuine issue as to the facts set forth by the defendants. *Accord, Day v. Northern Indiana Public Service Corp.*, 164 F.3d 382, 383-84 (7th Cir. 1999); *Flynn v. Sandahl*, 58 F.3d 283, 288 (7th Cir. 1995). It should also be noted that the court need not "scour the record to make the case of a party who does nothing." *Johnson v. Gudmundsson*, 35 F.3d 1104, 1116, n. 9 (7th Cir. 1994). Although in this instance the court has reviewed the plaintiff's various exhibits, the plaintiff is advised for future reference that merely submitting a stack of documentation without any direction or specific citations in the accompanying brief, is insufficient to defeat summary judgment. The court is not required to comb the record for evidence to support a party's position.

### Plaintiff's Excessive Force Claim

The plaintiff's claims against the non-arresting officers cannot withstand the defendants' motion. The plaintiff has provided no evidence that the defendants Heerdt, Urquhart, Cooper, or Strouse were directly, personally involved in his arrest, as required by *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). Nor has the plaintiff shown that the alleged violations of his constitutional rights occurred at those officers' direction or with their knowledge and consent. "Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." *Vance v. Washington*, 97 F.3d 987, 991 (7th Cir. 1996), *cert. denied*,

6

520 U.S. 1230 (1997) (citations omitted). To be held liable under the Civil Rights Act, a defendant "must know about the [constitutional violation] and facilitate it, approve it, condone it, or turn a blind eye. . . ." *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) (citations omitted). Because the movants have proven that they were not involved in the use of force against the plaintiff, their motion for summary judgment must be granted on that claim.

Each of the defendants has submitted affidavits attesting that Heerdt, Urquhart, Cooper, and Strouse played no role in the plaintiff's arrest and that the defendant Gotay merely restrained the plaintiff while Skipper and Kolliopulos handcuffed him. Furthermore, the plaintiff stated both in his complaint to the Office of Professional Standards and at his deposition that only the defendants Skipper and Kolliopulos used unjustified force against him. It is undisputed that the movants had no physical contact with the plaintiff--indeed, little or no personal involvement in his arrest. In fact, the plaintiff acknowledged at his deposition that he named the movants as defendants only because they are listed on the arrest report. The plaintiff even concedes in his brief opposing summary judgment that the defendants "may not have directly cause[d] such wounds." *See* plaintiff's brief at p. 2. The movants are entitled to judgment as a matter of law on the plaintiff's excessive force claim.

### Plaintiff's Claim That He Was Detained and/or Arrested Without Probable Cause

For the same reasons, the movants are entitled to judgment on the plaintiff's claim that he was arrested without probable cause. While neither party has addressed that issue, the same obstacle to suit against them, namely, lack of personal involvement, applies. The record strongly suggests that the arresting officers had ample evidence to support the plaintiff's detention:

although the plaintiff states in the complaint that he was merely walking down the street when the officers stopped him, the defendants' exhibits indicate that Officer Skipper personally witnessed the plaintiff punch and kick in the side window of a liquor store, enter the store, and then exit carrying cigarettes and liquor. (*See* Plaintiff's Exhibit 4, Arrest Report; *see also* Plaintiff's Group Exhibit 6, witness reports.) But that issue must be resolved at trial or by way of a motion for summary judgment filed by Skipper and Kolliopulos (presumably, the state court judge who presided over the trial proceedings has already made a determination as to probable cause). Irrespective of whether Skipper and Kolliopulos were justified in arresting the plaintiff, the moving defendants, who were only back-up officers and did not participate in the actual arrest, cannot be held liable for their mere presence even assuming *arguendo* that the arrest was without probable cause.

## Plaintiff's Claim That He Was Denied Needed Medical Care

It is unclear from the record whether the movants were involved in transporting the plaintiff to the police station; even if they were, all of the defendants, including Skipper and Kolliopulos, are entitled to judgment on the plaintiff's medical claim.[3] The plaintiff maintains that the defendants violated his constitutional rights by failing to secure medical attention for him prior to booking him at the police station. The plaintiff contends that the defendants knew they

---

[3] The court is permitted to grant summary judgment *sua sponte* as to non-movants if the losing party has proper notice that the court is considering granting summary judgment and the losing party has a fair opportunity to present evidence in opposition. *Acequia, Inc. v. Prudential Ins. Co. of America*, 226 F.3d 798, 807 (7th Cir. 2000). In this case, the plaintiff's claim that the defendants acted with deliberate indifference to his medical needs has been fully briefed.

were transporting an injured detainee and that the defendants "had a duty to render medical assistance in the degree necessary to the injuries the plaintiff had sustained. . . ." (Plaintiff's summary judgment brief, p. 2.) The court, however, finds both that the plaintiff's injuries were relatively minor and that any delays in medical treatment were justified by the exigencies of arresting and processing the plaintiff.

Police officers may not unreasonably deny or delay needed medical treatment for a person in their custody. *Davis v. Jones*, 936 F.2d 971, 972 (7th Cir. 1991). However, a delay in providing access to medical care to a detainee does not by itself violate the Constitution. *See Anderson-El v. O'Keefe*, 897 F. Supp. 1093, 1097 (N.D. Ill. 1995) (Bucklo, J.) *citing Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992); *Shockley v. Jones*, 823 F.2d 1068, 1072 (7th Cir. 1987). To establish a constitutional violation, a pretrial detainee must demonstrate that he suffered "substantial harm" as a result of a delay in receiving medical care. *Anderson*, 897 F. Supp. at 1097, *relying on Thomas v. Pate*, 493 F.2d 151, 158 (7th Cir.), *vacated on other grounds sub nom. Cannon v. Thomas*, 419 U.S. 1974); *de La Paz v. Danzl*, 646 F. Supp. 914, 922-923 (N.D. Ill. 1986). To that end, a plaintiff who complains that a "delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment." *Id., quoting Hill v. Dekalb Regional Youth Detention Center*, 40 F.3d 1176, 1188 (11th Cir. 1994). The standard for determining whether a constitutional violation occurred is objective: would a reasonable officer have had cause for concern. *Id.* Only intentional or criminally reckless conduct–that is, deliberate indifference to serious injury or signs of serious injury violates the Fourteenth Amendment. *Salazar v. City of*

*Chicago*, 940 F.2d 233, 238 (7th Cir. 1991); *see also Tucker v. Randall*, 840 F. Supp. 1237, 1245 (N.D. Ill. 1993) (Marovich, J.) The condition must be one that "a lay person can easily recognize as requiring medical treatment." *Glass v. Fairman*, 992 F. Supp. 1040, 1045 (N.D. Ill. 1998) (Norgle, J.)

In the case at bar, the plaintiff had no "serious" medical need for purposes of constitutional analysis. A thorough medical examination that included x-rays revealed contusions to the plaintiff's ribs, a two-centimeter laceration on his ankle, and abrasions on his cheeks. Bruises, scrapes and a small cut do not approach the level of constitutional concern. Because the plaintiff sustained only minor injuries during his arrest, any brief delay in securing medical assistance until after the plaintiff was booked at the police station was both reasonable and appropriate. Under the circumstances of this case, the two hour time-lapse between the plaintiff's arrest and his receiving medical treatment is not actionable under 42 U.S.C. § 1983. The defendants' motion for summary judgment is granted as to all defendants on the plaintiff's claim that he was denied medical care.

## CONCLUSION

In sum, even viewing the evidence in the light most favorable to the plaintiff, no reasonable person could conclude that the defendants Heerdt, Urquhart, Cooper, Strouse, or Gotay used excessive force against the plaintiff, participated in his detention and arrest without probable cause, or acted with deliberate indifference to his serious medical needs. The defendants lacked personal involvement in the plaintiff's arrest and so cannot be held liable either for the purportedly unlawful arrest or for the use of force by fellow officers. Moreover,

even assuming that they were present when the plaintiff was transported to the police station, the plaintiff cannot recover damages for the denial of medical care because he had no serious injuries and because he was afforded medical care within a reasonable time period. For all of the foregoing reasons, the defendants' motion for summary judgment must be granted.

IT IS THEREFORE ORDERED that the defendants' motion for summary judgment (docket number 29) is allowed. At the close of the case, the clerk of the court is directed to enter judgment in favor of the defendants Heerdt, Urquhart, Cooper, Strouse and Gotay and against the plaintiff pursuant to FED. R. CIV. P. 56. The clerk is directed to terminate those officers as defendants on the court's docket. On the court's own motion, summary judgment is also granted in favor of the defendants Skipper and Kolliopulos on the plaintiff's medical claim. The plaintiff may proceed only against the defendants Skipper and Kolliopulos, and only on his claims that the defendants detained and arrested him without probable cause and used unreasonable force in arresting him.

ENTER:

Dated: AUG 1 5 2001

JAMES B. ZAGEL
United States District Judge